CHESTER A. BRAMAN and Others, Plaintiffs, *v.* BRIELL-RODGERS COTTON GOODS COMPANY, Defendant.

Supreme Court, New York County, May, 1923.

Sales — sale f. o. b. seller's mill — duty of purchaser to send car into siding at seller's warehouse.

Under a contract for the sale of goods to be delivered to the purchaser f. o. b. at the seller's mill with no freight allowance, it is the duty of the purchaser to send a car into the siding at the seller's warehouse to receive the shipment.

The fact that the seller arranged with the railroad company for a car was neither an acknowledgment that it was his duty to do so nor a waiver of any rights.

MOTION for direction of verdict and to dismiss complaint.

*Max D. Steuer*, for plaintiffs.

*Crim & Wemple*, for defendant.

COHALAN, J. According to the stipulation of facts upon which the matter has been laid before the court, the parties in April, 1920, entered into a contract, by the terms of which the plaintiffs agreed to sell and deliver to defendant f. o. b. at plaintiffs' mill with no freight allowance and the defendant agreed to purchase and accept f. o. b. at plaintiffs' mill with no freight allowance certain merchandise, goods to be shipped during the month of August, 1920. The goods were packed and ready for shipment on August 28, 1920. The plaintiffs on August thirtieth notified the railroad company to furnish a car. On that date the agent of the railroad company said he would send a car into the siding at plaintiffs' warehouse. At the same time he signed and delivered a bill of lading for the goods. The car was not sent until the next day, when the goods were loaded and started for the destination given to plaintiffs by the defendant in April. The question for determination here is whether it was the duty of the plaintiffs or of the defendant to supply the car. Under the phrase " f. o. b." the plaintiffs had the duty to deliver the merchandise on board cars at their mill during August. The plaintiffs did not contract to supply the car. Ordinarily, it is the duty of the purchasers to provide the cars. To get away from this there must be something to show the case is out of the ordinary. *Evanston Elevator & Coal Co.* v. *Castner*, 133 Fed. Rep. 409, 410; *Hocking* v. *Hamilton*, 158 Penn. St. 107. Here I see nothing showing

that the plaintiffs had contracted to supply the car or nothing from which one might infer such a duty. The plaintiffs had the goods packed and ready for shipment on the twenty-eighth. They received the bill of lading on the thirty-first. The goods were loaded and on their way on the next day, September first. The fact that they arranged for the car is not to be held as an acknowledgment that it was their duty so to do or that they waived any rights in so doing. This is especially so when we consider that the goods were on their way on the first. The plaintiffs are entitled to a direction of a verdict in their favor. Their motion for that relief is granted and the defendant's motion to dismiss the complaint is denied. Submit accordingly.

Ordered accordingly.